E-FILED
Tuesday, 18 August, 2015  04:25:41 PM
Clerk, U.S. District Court, ILCD

IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

PATTI SUE HANSON,
    Plaintiff,

v.

JOHNSON & JOHNSON, JANSSEN RESEARCH & DEVELOPMENT, LLC, and JANSSEN PHARMACEUTICALS, INC.,
    Defendants.

Case No. 1:15-cv-01335-MMM-JEH

### Order

The Plaintiff's Complaint (Doc. 1) asserts diversity of citizenship as the basis of the Court's subject matter jurisdiction. The allegations of the Complaint do not sufficiently support that assertion.

The Complaint alleges the following information about the parties. The Plaintiff is a resident and citizen of Mercer County, Illinois.[1] Defendant Johnson & Johnson is a New Jersey corporation with a principal place of business in New Brunswick, Middlesex County, New Jersey. Defendant Janssen Research & Development, LLC is a New Jersey limited liability company with its principal place of business in New Jersey. Upon information and belief, Defendant Janssen Research & Development, LLC has three members, as follows: 1) Janssen Alzheimer Immunotherapy Research & Development, LLC, incorporated under the laws of Delaware with a principal place of business in Pennsylvania; 2)

---

[1] Local Rule 40.1(F) provides that, "As part of the statement of jurisdiction, the initial pleadings in each case must state the basis for filing in the division selected." Local Rule 40.1(C) provides that Mercer County is in the Rock Island Division of the Central District of Illinois. The Plaintiff's Complaint was filed in the Peoria Division without explanation as to why it was filed in that division rather than the Rock Island Division.

1

Janssen Supply Group, LLC, incorporated under the laws of Pennsylvania with a principal place of business in Pennsylvania; and 3) Tibotec, LLC, incorporated under the laws of Delaware with a principal place of business in New Jersey. Defendant Janssen Pharmaceuticals, Inc., is a Pennsylvania corporation which has its principal place of business in New Jersey.

First, asserting jurisdiction on the basis of "information and belief" is insufficient to invoke diversity jurisdiction. *America's Best Inns, Inc v Best Inns of Abilene, LP*, 980 F2d 1072, 1074 (7th Cir 1992) ("to the best of my knowledge and belief" is insufficient to invoke diversity jurisdiction); *Page v Wright*, 116 F2d 449, 451 (7th Cir 1940) (expressing serious doubts as to whether the record could be sustained in the face of a direct jurisdictional attack where diversity jurisdiction was asserted, in part, based upon information and belief).

Next, the Plaintiff alleges Defendant Janssen Research & Development, LLC's members to be three separate LLCs. However, the Plaintiff then alleges the place of incorporation and principal place of business for each of those LLCs. The place of incorporation and principal place of business identify the citizenship of a *corporation*. See 28 USC § 1332(c)(1); *Grupo Dataflux v Atlas Global Group, LP*, 541 US 567, 570-71 (2004). But here, the Plaintiff alleges that the three members of Defendant Janssen Research & Development, LLC are themselves LLCs (*limited liability companies)*. Citizenship for diversity purposes of a limited liability company is the citizenship of each of its members. *Wise v Wachovia Securities, LLC*, 450 F3d 265, 267 (7th Cir 2006). Thus, the Court must know whether the three identified member LLCs are corporations or limited liability companies. If the latter, the Court must know each member's citizenship. *Hicklin Engineering, LC v Bartell*, 439 F3d 346, 348 (7th Cir 2006). If applicable, the Court must also know each member's members' citizenship. Id.

Accordingly, the Plaintiff is directed to file an amended complaint that adequately alleges the factual basis for this Court's jurisdiction. The amended complaint shall be filed within 14 days of this date.

*It is so ordered.*

Entered on August 18, 2015.

s/Jonathan E. Hawley
U.S. MAGISTRATE JUDGE